## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KENNETH D. ADAMS,

      Petitioner,

      v.                                    Case No. 15-3219-JAR

JAY SHELTON,

      Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Kenneth D. Adams' Motion for Leave to File Out of Time (Doc. 16) and Motion to Stay Proceedings (Doc. 17).  Petitioner seeks leave to file his motion to stay out of time.  The motions are fully briefed and the Court is prepared to rule.  For the reasons explained below, the Court grants Petitioner's motion for leave to file out of time and denies his motion to stay proceedings.

Petitioner is an inmate in the custody of the Kansas Department of Corrections.  He filed *pro se* a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  He challenges the validity of his conviction in Comanche County, Kansas, District Court for manufacturing methamphetamine, conspiracy to manufacture methamphetamine, possession of lithium metal with intent to manufacture methamphetamine, possession of methamphetamine, and two counts of possession of drug paraphernalia.  Petitioner asserts twenty-one grounds in support of his request that the Court vacate his state convictions and sentence.[1]

Petitioner requests a stay of these proceedings in order to allow him to return to state court to litigate the following five issues related to his habeas Petition, which he acknowledges

---

[1]Doc. 1 at 3–7.

have not been exhausted: (1) structural error concerning the jury instructions and verdict form; (2) whether the denial of marital privilege to Petitioner's common-law wife resulted in a violation of Petitioner's constitutional rights; (3) ineffective assistance of appellate counsel; (4) whether the trial court had jurisdiction to hear Petitioner's case; and (5) whether the trial court erred in carrying out the ruling of the appellate court.[2]  Petitioner raises issues one and four for the first time in his motion to stay.[3]  Petitioner raised the other three issues in his Petition.[4]

Before a petitioner may seek habeas relief in federal court, the petitioner must first exhaust all available state-court remedies.[5]  "When a petitioner raises a new claim in federal court that is not barred on other procedural grounds, the federal court may, in appropriate circumstance, hold the federal case in abeyance to allow the petitioner to take his unexhausted claim back to state court for adjudication."[6]  Whether to grant a stay is within the discretion of the district court.[7]  In *Rhines v. Weber*, the Supreme Court explained why stay and abeyance of habeas proceedings should be employed sparingly:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition . . . . For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court

---

[2] *See* Doc. 17 at 1 (recognizing that the five issues identified in the motion "have not been fully and completely resolved at the [s]tate [l]evel"); Doc. 17-1.

[3] Doc. 17 at 2, 3 (issues one and four in the motion to stay).

[4] Doc. 1 at 6–7.

[5] 28 U.S.C. §2254(b)(1)(A); *Fairchild v. Workman*, 579 F.3d 1134, 1151(10th Cir. 2009).

[6] *Id.* at 1152 (citing *Rhines v. Weber*, 544 U.S. 269 (2005)).

[7] *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014).

would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.[8]

Here, Petitioner does not articulate any good cause for his failure to first exhaust his claims in state court before proceeding with his habeas Petition.[9]  Indeed, Petitioner suggests in his motion that these non-exhausted issues were brought to his attention by Respondent.[10]  Without a showing of good cause why Petitioner failed to exhaust these additional issues at the state level, the Court will not stay these proceedings to allow Petitioner to exhaust additional issues.  Accordingly, the Court denies Petitioner's motion to stay proceedings.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Kenneth D. Adams' Motion for Leave to File Out of Time (Doc. 16) is **granted**.

**IT IS FURTHER ORDERED BY THE COURT** that Petitioner Kenneth D. Adams' Motion to Stay Proceedings (Doc. 17) is **denied**.  Petitioner is given leave to submit an amended Petition presenting only exhausted federal claims by no later than **January 27, 2017**.

**IT IS SO ORDERED.**

Dated: January 4, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[8]*Rhines*, 544 U.S. at 277 (citation omitted).

[9]Doc. 17; Doc. 17-1.

[10]Doc. 17 at 1 ("In the Answer and Return filed by the Assistant Solicitor General on Adams 28 U.S.C.S. § 2254 the Solicitor brings to attention several items which have not been fully examined by the State prior to this action.").