## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**KENNETH D. ADAMS,**

    **Petitioner,**

    **v.**                                                                    **Case No. 15-3219-JAR**

**JAY SHELTON, ET AL.,**

    **Respondents.**

## MEMORANDUM AND ORDER DENYING RECONSIDERATION

This matter comes before the Court on Petitioner Kenneth D. Adams's Motion For Reconsideration (Doc. 27) of the Court's denial of his Amended Petition for Writ of Habeas Corpus (Doc. 25). No response has been filed and the time to do so has expired. For the reasons stated below, the Court denies the motion.

## I.    Legal Standard

This Court typically construes any self-styled motion to reconsider a judgment as either a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment or order, depending on its filing date.[1] Because Petitioner filed this motion within 28 days of the underlying order, the Court treats it as a Rule 59(e) motion.[2]

A Rule 59 motion is appropriate only if the moving party establishes: 1) an intervening change in controlling law; 2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or 3) the need to correct clear error or prevent

---

[1] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (stating Rule 59(e) and 60(b) are distinct, and noting that which rule applies depends on when a motion is served).

[2] *Id.* ("If a motion is served within ten [now twenty-eight] days of the rendition of judgment, the motion ordinarily falls under Rule 59(e). If the motion is served after that time it falls under rule 60(b).") (Internal citations omitted)).

manifest injustice.[3]  A motion to alter or amend is not a proper mechanism to reargue arguments that the Court previously rejected or "to advance arguments that could have been raised in prior briefing."[4]  It is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[5]  The Court has broad discretion to grant or deny a Rule 59(e) motion.[6]

## II.    Discussion

Petitioner asks this Court to re-examine Ground 2 on its own merits rather than grouping it with Grounds 1 and 3 because Ground 2 involved law enforcement omitting material facts to the magistrate judge, while Grounds 1 and 3 involved law enforcement allegedly coercing a witness's statement and/or fabricating statements to obtain a search warrant of Petitioner's home.[7]  He also requests the Court "once again . . . examine the performance of the Trial Attorney, based on all known records and transcripts,"[8] re-visit Grounds 4, 6, and 10, and "review all other issues as they have been presented in each successive brief."[9]

The Court discussed Grounds 1 through 3 together because they challenged the search warrant's validity.  Although there is a nuanced difference between coerced/fabricated statements and omitted facts, that difference is negligible and did not warrant a separate analysis for Ground 2.  This is especially true when the Court's denial of Grounds 1 through 3 was based on Petitioner having had an opportunity for a full and fair hearing regarding the search warrant at

---

[3] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[4] *Id.*

[5] *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

[6] *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

[7] Doc. 27 at 3–4.

[8] *Id.* at 5.

[9] *Id.* at 6.

the state level, which precludes federal habeas corpus relief under existing Supreme Court precedent.[10]

Petitioner's remaining arguments request the Court to revisit issues it has already addressed and rejected.  As noted above, it is not appropriate to revisit issues already addressed. The Court finds Petitioner's arguments do not state a sufficient reason for the Court to alter or amend its denial of his Amended Petition for Writ of Habeas Corpus.  Because Petitioner has failed to provide a basis for relief under Rule 59(e), the Court denies the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Adams' Motion for Reconsideration (Doc. 27) is **DENIED.**

**IT IS SO ORDERED**.

Dated: <u>April 10, 2018</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[10] *Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").